NANCE *et al.* v. KEY, mayor, *et al.*

No. 11366.   October 16, 1936.

*Clifford Hendrix* and *Hendrix & Buchanan,* for plaintiffs.

*J. C. Savage, C. S. Winn, Bond Almand,* and *J. C. Murphy,* for defendants.

RUSSELL, Chief Justice. In the antecedent statement appear copies of the petition, the answer, and the demurrers of the defendants. Many questions are sought to be raised in the voluminous bill of exceptions, most of them preserved by exceptions pendente lite, and others by direct exceptions. The court by consent heard the case both as judge and jury, all issues of fact being submitted to him. On March 7, 1936, the demurrer to the petition for mandamus was heard, and the court ruled that "Grounds one, two, and fifteen are hereby sustained, and the related portions of said petition are hereby stricken and dismissed, and all other grounds are hereby overruled." It will be seen that the first ground of the demurrer, stating that "Defendants demur generally to said petition upon the ground that the same sets forth no cause of action against these defendants or either of them," is general, as is also ground 2, which declares, "Defendants demur generally to said petition upon the ground that the plaintiffs herein have no cause of action for the relief sought against these defendants or either of them. The rights claimed under said alleged ordinance, which is relied upon, are private rights vested solely in the individual members of the Fire Department, and any right of action that might exist to compel performance under said ordinance accrues solely to the individual members of the Fire Department. If any duties are created under said ordinance, such duties are private and not public, and therefore plaintiffs, having no special interest in the enforcement of said ordinance, and having suffered no pecuniary loss on account of the alleged failure of the defendants to comply with said ordinance, have no right of action against these defendants or either of them for the relief prayed." Ground 15 is a special demurrer, and it was sustained, and "the related portions of the petition" were stricken and dismissed. In our opinion this decision was correct. Therefore the court did not err, as alleged in the exception pendente lite addressed to his ruling. Though it appears from the bill of exceptions that the voluminous account of the trial consumed much paper, all that transpired after the ruling upon the demurrer was nugatory; for the sustaining of the demurrer terminated the case in favor of the defendants' contention, unless the judge in his capacity as jury had found facts to sustain the few grounds in the petition as to which the demurrers were overruled. From the judgment it is apparent that

258

the judge in passing upon the facts construed them adversely to the petitioners. So that, in view of the concurrence of the law with the facts, the finding and judgment must be

*Affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*

Bell, J., concurs in the result.